

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUKHVIR SINGH, | Case No.: 26cv1390 DMS JLB |
| Petitioner, | **ORDER GRANTING PETITION** |
| v. | |
| CHRISTOPHER LAROSE, Warden, Otay Mesa Detention Center, | |
| Respondent. | |

This case comes before the Court on the Petition for Writ of Habeas Corpus. Respondents filed a Return to the Petition. Petitioner did not file a Traverse. After considering the parties' briefs, the relevant legal authority and the record, the Court grants the Petition.

Petitioner Sukhvir Singh is a citizen of India who entered the United States on October 1, 2024. (Return, Ex. 1.) Petitioner was detained and spent 22 days in custody before being paroled into the United States. (*Id.*) Petitioner was issued a Notice to Appear and placed in removal proceedings, where Petitioner has filed an application for asylum and withholding of removal, both of which are pending. (*Id.* at 3-4.)

On February 12, 2026, Petitioner was attempting to enter the main gate of Camp Pendleton while driving for Uber, when he was detained by officers from Immigration and

Customs Enforcement ("ICE").  He was subsequently transferred to Otay Mesa Detention Center, where he is currently detained.  (*Id.*)

On March 4, 2026, Petitioner filed the present case seeking release from custody, among other things.  Petitioner raises two claims.[1]  First, he argues he was denied due process when an immigration judge denied his request for bond.  Second, Petitioner asserts his arrest on February 10, 2026, was unlawful.  Respondents contend the Court lacks jurisdiction over Petitioner's claims, and Petitioner is lawfully detained under 8 U.S.C. § 1225.

This Court has addressed Respondents' jurisdiction arguments in previous cases, and for the reasons stated therein, rejects that argument here, as well.

The Court also disagrees that Petitioner is lawfully detained under § 1225.  On the contrary, it appears Petitioner was arrested pursuant to a warrant, (Return, Ex. 3), and therefore detained under 8 U.S.C. § 1226, not § 1225.  *See* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."); *Rojas-Lara v. United States*, No. 2:25-cv-02544-RFB-EJY, 2026 WL 172676, at *5 (D. Nev. Jan. 22, 2026) (stating petitioner arrested and detained under § 1226 because he was arrested pursuant to warrant).

In light of this finding, the Petition is granted.  Respondents are directed to arrange an individualized bond hearing for Petitioner before the Immigration Court within **seven**

/ / /

/ / /

/ / /

---

[1]  Petitioner raises a third claim titled, "Health Problems," which concerns health problems that have developed since his detention. (Pet. at 7.) Conditions of confinement claims are not cognizable on habeas. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973)) (stating civil rights action is "proper method of challenging 'conditions of … confinement.'") Therefore, the Court does not address that claim further.

2

**(7) days** of the entry of this Order.  Respondents are further ordered to file a Status Report within **fourteen (14) days** of this Order's entry, confirming Petitioner has received a bond hearing and the outcome of that hearing.

**IT IS SO ORDERED**.

Dated:  April 20, 2026

Hon. Dana M. Sabraw
United States District Judge

26cv1390 DMS JLB